IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES MACARAGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1270-D |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Mr. James Macarages applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 117-21 (certified Jan. 14, 2010) ("Rec."). The Social Security Administration denied the application,[1] prompting Mr. Macarages to initiate the present action and allege error in the agency's determination that he was not disabled. The Court should reverse and remand the Social Security Administration's decision in light of the failure to make required findings on the issue of transferable skill.[2]

---

[1] Rec. at pp. 1-3, 9-21, 73-74.

[2] Mr. Macarages also alleges other errors. But the Court need not consider these arguments in light of the suggested reversal on the issue of transferable skill. *See infra* pp. 2-7; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.  STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is required if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.  TRANSFERABILITY OF SKILLS

At step four, the administrative law judge found that the could not return to his past jobs, which were considered "skilled" and "semi-skilled." Rec. at pp. 19-20. However, the judge concluded that the Plaintiff could perform three other semi-skilled jobs. *Id.* at p. 20. Because the jobs were semi-skilled, the administrative law judge had a duty to make findings on the Plaintiff's acquisition of skills from his past jobs. The judge failed to make these findings and the omission constituted reversible error.

A.  Duty Regarding Transferability of Skill

If the claimant cannot perform his past relevant work, the administrative law judge must assess the ability to perform other work. *See* 20 C.F.R. §§ 404.1545(a)(5)(ii), 404.1560(c) (2009). In connection with this assessment, the judge will consider the residual functional capacity and vocational factors such as age, education, and work experience. *See* 20 C.F.R. § 404.1560(c)(1) (2009). The term "work experience" refers to "skills and

abilities" acquired by the claimant in his past work which show the type of work that he may be able to do. *See* 20 C.F.R. § 404.1565(a) (2009).

Transferability of work skill is at issue when a claimant's impairment prevents the performance of past relevant work, and the work is skilled or semi-skilled.[3] The term "transferability" refers to the ability to use work skills from past jobs in other skilled or semi-skilled jobs.[4] When the administrative law judge finds transferable skills, he must identify them and the jobs that the claimant can perform.[5]

B.   Error Involving Transferability of Skill

At the administrative hearing, a vocational expert testified that the Plaintiff had performed past relevant work involving the jobs of:

- plantation caretaker, which was classified as medium, semi-skilled work,

- carpenter, which was classified as medium, skilled work,

- forklift operator, which was classified as medium, semi-skilled work, and

- pipe layer, which was classified as heavy, semi-skilled work.

---

[3]   *See* Social Security Ruling 82-41, *Titles II and XVI: Work Skills and Their Transferability as Intended by the Expanded Vocational Factors Regulations Effective February 26, 1979*, 1982 WL 31389, Westlaw op. at 1 (1982).

[4]   *See* Social Security Ruling 82-41, *Titles II and XVI: Work Skills and Their Transferability as Intended by the Expanded Vocational Factors Regulations Effective February 26, 1979*, 1982 WL 31389, Westlaw op. at 2 (1982).

[5]   *See* Social Security Ruling 82-41, *Titles II and XVI: Work Skills and Their Transferability as Intended by the Expanded Vocational Factors Regulations Effective February 26, 1979*, 1982 WL 31389, Westlaw op. at 7 (1982).

Rec. at pp. 62-63.

At step four, the administrative law judge concluded that the Plaintiff could not return to his past jobs, but could perform a wide range of "light" work. *Id.* at pp. 15, 19-20; *see supra* p. 2. As a result, the judge had to determine whether the Plaintiff could work in other jobs. *See supra* p. 2. The judge answered in the affirmative, concluding that Mr. Macarages could perform the semi-skilled jobs of "picture frame assembler," "material lister," and "truck load checker." Rec. at pp. 20-21. But because these jobs were semi-skilled or skilled, the judge had to consider the transferability of Mr. Macarages' skills to match his abilities with possible jobs. *See supra* pp. 2-3.

At the hearing, the judge asked the vocational expert if the Plaintiff's past work would generate any transferable skills to sedentary or light work. Rec. at p. 63. The vocational expert responded: "The transferable skills are going to generate from the occupation of carpenter." *Id.* This statement did not identify the actual skills that would have been transferred or purport to match them with any jobs that Mr. Macarages could perform.

The omissions may have appeared unimportant to the administrative law judge, who mistakenly believed that "[t]ransferability of job skills [was] not material to the determination of disability because using the Medical-Vocational Rules as a framework support[ed] a finding that the claimant [was] 'not disabled,' whether or not the claimant ha[d] transferable job skills." *Id.* at p. 20.

The medical-vocational guidelines would have dictated a finding of no disability if the claimant had satisfied all of the exertional requirements for light work and had no nonexertional impairments. 20 C.F.R. part 404, subpart P, app. 2, Rules 202.14, 202.21 (2009). But the administrative law judge found that the Plaintiff had nonexertional impairments involving climbing, exposure to environmental and hazardous conditions, ability to accept instruction, and ability to get along with coworkers and others. Rec. at p. 15. With these limitations acknowledged in the decision, the administrative law judge had to obtain testimony from a vocational expert rather than rely on the grids. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1333-34 (10th Cir. 1992).

The administrative law judge did elicit testimony by a vocational expert. *See supra* p. 4. But the expert did not express an opinion on the skills required for the three jobs or the Plaintiff's ability to derive the necessary skills from his prior work. *See supra* p. 4. The omission of such testimony left the administrative law judge without any evidence of the skills required for semi-skilled jobs.[6] Even if the expert had provided such testimony, of course, the administrative law judge expressly declined to address the issue of transferable skill because of the mistaken belief that she could deny benefits based on the framework of

---

[6]     A similar issue arose in *Ramirez v. Astrue*, 255 Fed. Appx. 327 (10th Cir. Nov. 20, 2007) (unpublished op.). There the administrative law judge stated that he was using the grids only as a framework. *See Ramirez v. Astrue*, 255 Fed. Appx. at 330 n.1. The Tenth Circuit Court of Appeals rejected this characterization, reasoning that the absence of relevant vocational testimony meant that the administrative law judge was actually applying the grids "conclusively to 'direct' a finding of 'not disabled.'" *Id.* (citation omitted). Here, a vocational expert did testify. *See supra* text accompanying note. But the vocational expert did not identify any transferable skills or explain how a claimant could perform the three semi-skilled jobs without the necessary skills.

the medical-vocational guidelines. *See supra* pp. 4-5. Once the judge found nonexertional impairments, she could not use the framework of the grids as a substitute for vocational testimony on the existence of the skills required for semi-skilled work.[7]

The administrative law judge stated that she had questioned the vocational expert "[t]o determine the extent to which [Mr. Macarages'] limitations erode[d] the unskilled occupational base." Rec. at p. 20. However, as the judge acknowledged, the vocational expert did not identify any unskilled jobs open to someone with Mr. Macarages' limitations. *Id.* at pp. 64-65; *see id.* at p. 20 (the administrative law judge's remark that the vocational expert had identified three jobs, all of which were semi-skilled). Thus, the vocational expert's testimony regarding semi-skilled jobs provided little help without articulation of transferable skills.[8]

The judge had a duty to assess skills from the claimant's past relevant work which would allow performance of the semi-skilled jobs identified at step five. There was no evidence for this assessment, as nonexertional impairments prevented reliance on the grids and the vocational expert did not identify any transferable skills or any unskilled jobs open

---

[7] *See Roberts v. Barnhart*, 36 Fed. Appx. 416 (10th Cir. June 12, 2002) (unpublished op.) (holding that the administrative law judge had erred by relying on the grids as a framework to find no disability when the claimant could not perform a full range of light work).

[8] *See* Program Policy Statement 119, Social Security Ruling 85-15, *Titles II and XVI: Capability to Do Other Work - The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, 1985 WL 56857, Westlaw op. at 3 (1985) ("The occupational base . . . will include occupations above the unskilled level if a person has skills transferable to skilled or semiskilled occupations within his or her [residual functional capacity].").

to the Plaintiff. Nonetheless, the administrative law judge leapt to the conclusion that Mr. Macarages could perform three semi-skilled jobs without any evidence or findings on identifiable skills or their utility for the positions. The Court should reverse in light of the absence of evidence or findings for this leap on the part of the administrative law judge.

III. RECOMMENDATION

The Court should reverse the Social Security Administration's decision and remand for reconsideration of Mr. Macarages' transferable skill.

IV. NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2006). The deadline for objections is September 9, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[9]

V. STATUS OF THE REFERRAL

The referral is discharged.

Entered this 23rd day of August, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").